IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHANE RAGLAND, | ) | |
| | ) | CASE NO. |
| Plaintiff, | ) | |
| | ) | **1:17**-cv-**2337** JMS -MPB |
| v. | ) | |
| | ) | COMPLAINT |
| PEPSI BEVERAGES COMPANY D/B/A | ) | |
| PEPSICO, | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under the Americans with Disabilities Act (1991) (42 U.S.C. § 12101, et seq.) and jurisdiction is based on 28 U.S.C. § 1331 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Shane Ragland ("Ragland" or the "Employee") who was adversely affected by such practices. The Plaintiff, an employee of Pepsi Beverages Company d/b/a PepsiCo (hereinafter "PepsiCo" or the "Employer" or "Company"), and an individual with a disability, was subjected to discrimination, harassment and retaliation by the Employer when denied equal employment opportunities at PepsiCo because of his disability.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, and 1343. This action is authorized and instituted pursuant to the Americans with Disabilities Act (1991) and jurisdiction is based on 28 U.S.C. § 1331.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

## PARTIES

3. Plaintiff Shane Ragland, an employee of Defendant PepsiCo, and an individual with a disability, is expressly authorized to bring this action by the Americans with Disabilities Act (1991) and jurisdiction is based on 28 U.S.C. § 1331.

4. At all relevant times, Defendant PepsiCo has continuously been a domestic for-profit company doing business in the State of Indiana and the City of Indianapolis, Indiana and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant PepsiCo has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Plaintiff Shane Ragland filed a charge with the Equal Employment Opportunity Commission (hereinafter "EEOC") against PepsiCo (EEOC Charge No. 470-2017-00606) alleging violations of the Americans with Disabilities Act (1991) (42 U.S.C. §12101, et seq.) by Defendant Employer PepsiCo. The EEOC issued a Dismissal and Notice of Rights dated April 11, 2017, and the Plaintiff received said notice on or about April 13, 2017. *See* Exhibit 1. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least October 15, 2016, Defendant engaged in unlawful employment practices at its Indianapolis, Indiana location in violation of the Americans with Disabilities Act

(1991) (42 U.S.C. §12101, et seq.). Defendant subjected Plaintiff Ragland to discrimination on the basis of his disability when PepsiCo failed to provide reasonable accommodations and subjected Plaintiff to harassment and retaliation.

8. The effect of the practices complained of has been to deprive Ragland of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

9. The unlawful employment practices complained of were intentional and reckless.

10. The unlawful employment practices complained of were done with malice and reckless indifference to the federally protected rights of Ragland.

## FACTS

11. Plaintiff Shane Ragland was hired as a General Labor employee at Pepsi Beverages Company d/b/a PepsiCo on October 12, 2015.

12. Plaintiff Ragland's supervisor at PepsiCo was Emery Davis.

13. On or about October 12, 2016, Ragland presented a doctor's note to Segwick, the third-party medical carrier, requesting a reasonable accommodation for his disability with medical restrictions and a request for leave under the Family Medical Leave Act (FMLA).

14. During his employment, Plaintiff was required to work beyond his medical restrictions, despite his approved request for a reasonable accommodation.

15. On or about October 21, 2016, after Plaintiff used pre-approved intermittent FMLA, supervisor Emery Davis approached Plaintiff and argued with him about taking FMLA leave. Davis told Plaintiff that FMLA was bad for his career.

16. One or two hours later after this incident, Emery Davis came through the break room and punched Plaintiff two (2) times in the right side of his torso causing him to go to the hospital and take additional FMLA leave.

17. While off from work due the injury sustained when attacked by Emery Davis, Plaintiff was terminated from employment on or about November 10, 2016.

18. Plaintiff was discriminated against based on his disability when he was not provided a reasonable accommodation, harassed and retaliated against for taking FMLA in violation of the Americans with Disabilities Act (1991) as amended.

19. On or about December 12, 2016, Plaintiff Ragland filed a Discrimination Charge No. 470-2017-00606 with the Equal Employment Opportunity Commission ("EEOC") against PepsiCo alleging disability discrimination and retaliation during his employment. *See* Exhibit 1.

20. On or about April 11, 2017, the EEOC issued a Dismissal and Notice of Rights for Charge No. 470-2017-00606, and the Plaintiff received said notice on or about April 13, 2017. *See* Exhibit 2.

21. The conduct of the Defendants, which is complained of herein, is in violation of the Americans with Disabilities Act (1991) (42 U.S.C. §12112, et seq.), and the Plaintiff seeks the following relief from discrimination.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination, retaliation and any other employment practices, which discriminates on the basis of disability.

4

B.	Order Defendant to institute and carry out policies practices, and programs, which provide equal employment opportunities for disabled employees and other, protected classes, and which eradicate the effects of its past and present unlawful employment practices.

C.	Order Defendant Employer to make Plaintiff whole by providing compensation for past and future pecuniary losses (back pay and front pay) resulting from the unlawful employment practices described above, in amounts to be determined at trial.

D.	Order Defendant Employer to make Plaintiff whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E.	Order Defendant Employer to pay Plaintiff punitive damages for its intentional, malicious and reckless conduct described above, in amounts to be determined at trial.

F.	Grant such further relief to the Plaintiff, as the Court deems necessary and proper in the premises.

G.	Award the Plaintiff his costs, including attorney fees, pursuant to 42 U.S.C. §12205 in this action.

## JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted

By: _____
Michelle Smith Scott, Atty. ID #18983-49A
120 E. Market St., Suite 305
Indianapolis, IN 46204
Telephone:  (317) 371-3667
Facsimile:  (317) 376-7043

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing *Complaint* has been served by first-class United States mail, postage prepaid, this 10th day of July, 2017, upon:

> Pepsi Beverages Company d/b/a PepsiCo
> 5411 W. 78th St.
> Indianapolis, IN 46268

_____
Michelle Smith Scott, Esq.

Michelle Smith Scott
120 E. Market St., Suite 305
Indianapolis, IN 46204
Telephone:  (317) 371-3667
Facsimile:   (317) 376-7043